# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| DEALBRO F. GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:05-CV-2540-M |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security,[1] | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on January 10, 2006, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On December 10, 2003, Plaintiff filed an application for Social Security disability insurance benefits alleging disability which began on approximately February 15, 2003, due to herniated discs in her neck and related pain and numbness. (Administrative Record 65-67, 74-75 [Hereinafter Tr.].) The Administrative Law Judge ("ALJ") conducted a hearing on July 26, 2005. (Tr. 312-344.) On August 31, 2005, the ALJ denied Plaintiff's request for benefits, finding that she was not disabled because she retained the residual functional capacity ("RFC") to perform her past relevant work. (Tr. 13-19.)

Ms. Grant timely requested a review of the ALJ's decision by the Appeals Council, and

---

[1] Effective February 12, 2007, Michael J. Astrue was named the Commissioner of Social Security. The caption is being changed pursuant to Fed. R. Civ. P. 25(d).

on October 25, 2005, the Appeals Council denied the request. (Tr. 4-6.) Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on December 30, 2005. Defendant filed an answer on March 1, 2006. On December 15, 2006, Plaintiff filed a brief followed by Defendant's brief on February 2, 2007.

Standard of Review–Social Security Claims: When reviewing the Commissioner's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F.2d at 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (citing *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971)).

Discussion: To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that he or she is disabled, which is defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which

2

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505.  Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit."  § 404.1510.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled.  *See* § 404.1520.  Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove that there is other substantial gainful activity that the claimant can perform.  *See*, *e.g.*, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

In this case, the ALJ proceeded to step four and determined that Plaintiff retained the capacity to perform her past relevant work as an admitting clerk, collection clerk and typist.  (Tr. 17-19.)  He therefore denied Plaintiff's request for benefits.  (Tr. 19.)

Plaintiff argues that the ALJ's step three finding that her neck impairment did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpt. P., App. 1 ("The Listings") is not supported by substantial evidence because the ALJ failed to explain his step three findings.  The ALJ's discussion of his step two and three findings consisted of the following one-sentence remark: "The medical evidence indicates that the claimant has cervical disc disease, impairments [sic] that are 'severe' within the meaning of the Regulations but not 'severe' enough to meet or medically equal, either singly or in combination to [sic] one of the impairments listed in Appendix 1, Subpart P, Regulations [sic] No. 4."  (Tr. 14-15.)

While the Fifth Circuit has not addressed whether such an unsupported conclusion

regarding a claimant's impairment(s) is amenable to judicial review, numerous other appellate and district courts faced with comparable findings have found remand to be appropriate so long as the claimant presented evidence that she suffered from a listed impairment.  *See*, *e.g.*, *Dowles v. Barnhart*, 258 F. Supp. 2d 478, 486 (W.D. La. 2003) (finding that a "bare and summary conclusion that a plaintiff does not meet the criteria of any listing" was beyond meaningful judicial review); *Moore v. Barnhart*, No. 1:03-CV-469, 2004 WL 3237347, at *4-5 (E.D. Tex. Dec. 8, 2004) (holding that if the record contains evidence relevant to the criteria of a listing, an ALJ errs by not making specific findings on the relevant criteria); *see also Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (remanding a case for further factual findings where the ALJ did not "discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the relevant Listing or Listings"); *Burnett v. Comm'r of Social Sec. Admin.*, 220 F.3d 112, 119 (3rd Cir. 2000) (citing *Clifton* with approval); *Scott v. Barnhart*, 297 F.3d 589, 595-96 (7th Cir. 2002) ("By failing to discuss the evidence in light of Listing 112.05's analytical framework, the ALJ has left this court with grave reservations as to whether his factual assessment addressed adequately the criteria of the listing).

Although the ALJ erred by failing to explain his step three decision, Plaintiff has not shown that remand of the decision would lead to a different result.  *See Bean v. Barnhart*, 454 F. Supp. 2d 616, 621-622 & nn.11-12 (E.D. Tex. 2006) (discussing instances where remand of a Social Security Appeal is appropriate).  Nowhere in Plaintiff's brief does she identify a Listing that she allegedly meets or medically equals.  Moreover, although she notes that she was diagnosed on several occasions with herniated cervical discs, she does not explain how these diagnoses fully satisfy the criteria of a Listing.  Therefore, remand is not warranted.

Plaintiff also argues that the ALJ's RFC assessment is not supported by substantial evidence. The ALJ set forth his RFC findings after summarizing the medical evidence in the record. He found that Plaintiff was capable of: lifting/carrying less than ten pounds frequently, lifting/carrying up to ten pounds occasionally, standing and walking two out of eight hours in a work day, and sitting six out of eight hours in a work day. (Tr. 17.)

The undersigned finds that remand is appropriate because the ALJ's RFC finding is not subject to meaningful review. *See*, *e.g.*, *Moon v. Barnhart*, 159 Fed. Appx. 20, 23, 2005 WL 3446576, at **3 (10th Cir. 2005) (holding that an ALJ's RFC finding was not subject to meaningful review because the ALJ did not: (1) state whether he believed or disbelieved the findings of the consultative physicians, (2) explain "whether or what he was taking from those findings that was relevant to Plaintiff's RFC", (3) explain how he resolved discrepancies between each doctor's findings and the medical evidence and (4) say anything about the passage of time between Plaintiff's various examinations); *Mason v. Barnhart*, 63 Fed. Appx. 284, 287, 2003 WL 1793283, at **2 (9th Cir. 2003) ("The ALJ's decision does not address the medical evidence, making it difficult for this court to engage in meaningful review"); *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303, 2005 WL 352451, at **6 (7th Cir. 2005) ("The ultimate question is whether the ALJ's decision is sufficiently specific to facilitate meaningful review"). In this case, the ALJ did not state that he specifically accepted the findings of any physician–whether examining or non-examining–regarding Plaintiff's ability to perform work-related activities. Indeed, the ALJ rejected the opinion of Plaintiff's treating physician that she was unable to return to work as of December 11, 2004. (Tr. 16-17, 276.) Moreover, although the ALJ summarized a significant amount of medical evidence prior to stating his RFC

5

formulation, he did not explain how the cited medical evidence supported his RFC decision. Because the court is prohibited from reweighing the evidence, retrying the issues, or substituting its own judgment, the undersigned is unwilling to attempt to formulate a logical bridge between the cited medical evidence and the ALJ's RFC finding.[2] *Villa*, 895 F.2d at 1022.

Plaintiff, in minimally adequate fashion, demonstrates that she was prejudiced by the ALJ's RFC formulation and his subsequent determination that she retained the RFC to engage in her past relevant work because she notes that three of her treating physicians, Dr. B. Hyde, M.D., Dr. Fernando Mallou, M.D.[3] and Dr. C.A. Darby, M.D., opined that she was no longer able to perform some or all of the duties related to her past relevant work. (Tr. 123-29, 132-38, 149-55, 170-76, 180-82, 276.) Although the ALJ's RFC analysis contains a discussion (and subsequent rejection) of the opinion of Dr. Darby, as well as a discussion of Dr. Mallou's findings, it is devoid of any discussion regarding the opinion of Dr. Hyde. Therefore, upon remand, the ALJ should engage in a more thorough analysis of medical opinions and records that relate to Plaintiff's ability to perform work-related activities and his opinion, at a minimum, should explain why evidence relating to Plaintiff's RFC was accepted or rejected.[4]

To the extent that Plaintiff also asserts that the ALJ's RFC assessment is in error because

---

[2] The Commissioner notes that the record contains the findings of a non-examining physician who conducted a review of Plaintiff's medical records and concluded that she was capable of performing light work activities. (Tr. 113-19.) However, the court has no means of determining whether the ALJ considered this assessment when formulating Plaintiff's RFC. This assessment is not cited anywhere in the ALJ's opinion and the ALJ's ultimate RFC assessment differs from the RFC findings of the non-examining physician.

[3] Contrary to Ms. Grant's assertion, it does not appear that Dr. Mallou issued an opinion regarding her ability to perform work-related activities.

[4] In her brief, Plaintiff also briefly mentions that the ALJ improperly determined that her impairment could not be expected to last for a continuous period of at least 12 months and improperly assessed her credibility. The undersigned does not address these arguments as the ALJ's opinion contains no such findings.

he improperly assessed her subjective complaints of pain, her argument is well-taken. An ALJ is required to consider a claimant's subjective complaints of pain to determine either if the reported pain constitutes a disabling condition in itself or a nonexertional limitation on the claimant's RFC. *See Haywood v. Sullivan*, 888 F.2d 1463, 1470 (5th Cir. 1989). Pain is disabling only if it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Id.* at 1470 (citation omitted). Where pain is not of a disabling nature but is alleged to limit a plaintiff's capacity to perform work-related activities, the pain must accompany a "medical impairment(s)... which could reasonably be expected to produce the pain...." § 404.1529(b). An ALJ's decision regarding the impact of pain on a plaintiff's RFC should be based on a review of all of the available evidence including the plaintiff's medical history, the medical signs and laboratory findings and statements from the plaintiff, her treating or examining physician or psychologist, or other persons regarding the effect of the alleged pain on the plaintiff. § 404.1529(c).

While the ALJ in this case acknowledged his duty to consider Plaintiff's subjective complaints of pain, he did not explain why he rejected evidence that Plaintiff suffered severe pain. Instead, he merely characterized Plaintiff's pain as "mild to moderate". (Tr. 16.) Therefore, upon remand, the ALJ should more fully explain his findings regarding the pain Ms. Grant allegedly experiences, and should fully discuss the medical evidence in the record pertaining to Plaintiff's subjective complaints of pain.

**RECOMMENDATION:**

For the forgoing reasons, it is recommended that the District Court enter its order VACATING the decision of the Commissioner and REMANDING this action for additional proceedings consistent with this recommendation. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 17th day of September, 2007.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.